1   Eugene P. Ramirez (State Bar No. 134865)
      *epr@manningllp.com*
2   Angela M. Powell (State Bar No. 191876)
      *amp@manningllp.com*
3   **MANNING & KASS**
    **ELLROD, RAMIREZ, TRESTER LLP**
4   801 S. Figueroa St, 15th Floor
    Los Angeles, California 90017-3012
5   Telephone: (213) 624-6900
    Facsimile: (213) 624-6999
6
7   Attorneys for Defendants, CITY OF
    OXNARD and OFFICER ROGER
    GARCIA
8
                **UNITED STATES DISTRICT COURT**
9
        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
10

11  | | |
    |---|---|
12  | ESTATE OF MEAGAN HOCKADAY, LUIS MORADO, as Guardian Ad Litem for minors N.M.M., Z.G.M., and M.H.M., individually, and as Successors in Interest to MEAGAN HOCKADAY deceased, MONIQUE TRENAE WALLACE, individually,, | Case No. 2:16-CV-02145-JAK-GJSx [*The Hon. John A. Kronstadt, Magistrate Judge, Gail J. Standish*] |
    | | **NOTICE OF MOTION AND MOTION TO DISMISS PORTIONS OF COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
    | Plaintiff, | **[FRCP 12(b)(6)]** |
    | v. | [Declaration of Angela M. Powell and proposed Order filed concurrently] |
    | THE CITY OF OXNARD; OFFICER ROGER GARCIA, and DOES 1-10, Inclusive, | Date:  September 12, 2016 Time: 8:30 a.m. Ctrm: 750 |
    | Defendant. | Complaint filed: 3/29/2016 |

23      TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

24          PLEASE TAKE NOTICE THAT on September 12, 2016, at 8:30 a.m., or as

25  soon thereafter as the matter may be heard, in Courtroom 750 of the above-captioned

26  Court, located at 255 E. Temple Street, Los Angeles, California 90012, Defendants,

27  CITY OF OXNARD and OFFICER ROGER GARCIA, will move to dismiss portions

28

*Attorneys at Law*
MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

of plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) based on the following grounds:

1.     Plaintiffs' fifth claim for municipal liability under *Monell v. Department of Soc. Serv.*, 436 U.S. 658 (1978) fails to state a claim upon which relief can be granted against Defendant City of Oxnard (the "City").

This Motion to Dismiss is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Angela M. Powell, and on such other and further matters as the Court may accept at the hearing on this motion.

Prior to filing this motion, defendants' counsel wrote to plaintiffs' counsel on May 12, 2016, setting forth defendants' positions as to the issues raised in this motion to dismiss and seeking to confer with plaintiffs' counsel in accordance with C.D. Cal. L.R. 7-3.  Defendants' counsel did not receive a response. (Powell Decl., ¶2.)

DATED: May 19, 2016              MANNING & KASS
                                ELLROD, RAMIREZ, TRESTER LLP


                        By:
                                /s/ Angela M. Powell
                                Eugene P. Ramirez, Esq.
                                Angela M. Powell, Esq.
                                Attorneys for Defendants, CITY OF
                                OXNARD and OFFICER ROGER
                                GARCIA

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.    INTRODUCTION.

Plaintiffs bring federal and related state claims arising from an incident that occurred on March 28, 2015, involving decedent Meagan Hockaday and City of Oxnard police officers.  As set forth below, plaintiffs fail to allege sufficient facts to support their *Monell* claim against the City.

### 2.    BRIEF SUMMARY OF PERTINENT ALLEGATIONS OF COMPLAINT.

Plaintiffs allege they are the parents and minor children of decedent Meagan Hockaday. (Complaint, ¶¶3-7.) Plaintiffs allege that on March 28, 2015, Decedent was shot and killed by Oxnard police officers. (Complaint, ¶21.) Plaintiffs allege that both prior to and during the time in which Decedent was shot and killed by Defendants, she posed no reasonable or credible threat of violence to Defendants. (Complaint, ¶26.) Plaintiffs allege that just moments before she was shot and killed, Decedent was suffering from a mental breakdown. (Complaint, ¶26.)

### 3.    LEGAL STANDARD FOR MOTION TO DISMISS.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly  give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ibid.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555(2007)).

## 4. <u>PLAINTIFFS HAVE FAILED TO ALLEGE SUFFICIENT FACTS TO SUPPORT THEIR *MONELL* CLAIM.</u>

The fifth *Monell* claim against the City of Oxnard fails to allege facts sufficient to state a claim for municipal liability. A municipality, such as the City of Oxnard, cannot be held liable under section 1983 "solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under §1983 on a respondeat superior theory." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978); *see also Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) ("We have consistently refused to hold municipalities liable under a theory of respondeat superior"). Rather, a municipality can only be sued under section 1983 if the alleged violation of a constitutional right was caused by a municipal policy or custom. *Monell*, 436 U.S. at 691 ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort.").

In general, a plaintiff can establish municipal liability in one of three ways: First, a plaintiff can show that a person with decision-making authority within the municipality expressly authorized an unconstitutional policy or order. *See Monell*, 436 U.S. at 694. Secondly, a plaintiff can establish that his constitutional rights were violated by a municipal practice "so permanent and well settled as to constitute a 'custom or usage' " of the municipality. *Ibid.* Third, a plaintiff can demonstrate that a municipality failed to adequately train its employees and that such failure constitutes deliberate indifference to the rights of individuals who may come into contact with those employees. *See City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989).

Merely listing the policy plaintiff believes is unconstitutional without factual support is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ibid.* (citations omitted). Rather, plaintiff is required to allege facts explaining how a policy or custom was deficient, how it caused the alleged harm, and how the infirmity of the

1    custom or policy was so obvious that policymakers were on notice that the

2    constitutional injury was likely to occur. *See Young v. City of Visalia*, 687 F. Supp. 2d

3    1141, 1149-50 (E.D. Cal. 2009); *Dominguez v. County of Kern*, 2014 U.S. Dist. LEXIS

4    80335, *20 (E.D. Cal. June 9, 2014).

5        Plaintiffs' Complaint does not contain sufficient factual allegations to support any

6    theory of municipal liability against the City of Oxnard.

7        Paragraphs 67, 68, 69(e), 71, and 72, which allege that Defendants' conduct was

8    ratified by the City's police department supervisorial officers, are merely a "formulaic

9    recitation of the elements" of this cause of action.  *See, e.g., Clouthier v. County of

10   Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662,

11   678 (2009). "For there to be ratification, there must be 'something more' than… the

12   fact that a policymaker concluded that the defendant officer's actions were in keeping

13   with the applicable policies and procedures" *Kong Meng Xiong v. City of Merced*, 2015

14   U.S. Dist. LEXIS 99146, *90,  (E.D. Cal. July 29, 2015).  Paragraphs 68 and 69(d) are

15   also insufficient to establish ratification: "For there to be ratification, there must be

16   'something more' than a single failure to discipline…." *Ibid*.

17       "A policymaker's knowledge of an unconstitutional act does not, by itself,

18   constitute ratification." *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999). "[A]

19   policymaker's mere refusal to overrule a subordinate's completed act does not constitute

20   approval." *Ibid*. Rather, ratification requires the authorized policymaker to make a

21   "conscious, affirmative choice." *Gillette v. Delmore*, 979 F.2d 1342, 1347 (9th Cir.

22   1992) Here, the complaint merely recites the elements of the claim without providing

23   any factual allegations. The complaint alleges that Defendants' conduct was ratified by

24   the City's police department supervisorial officers (¶¶67, 69(e)); and that Defendant

25   Garcia was not disciplined (¶68). Though plaintiffs need not prove their case at this

26   stage, "conclusory, 'threadbare' allegations that merely recite the elements of a cause of

27   action will not defeat a motion to dismiss." *Young*, 687 F. Supp. 2d at 1149 (discussing

28   *Iqbal*'s effect on claims for municipal liability). The complaint does not identify an

affirmative choice by city officials to approve the defendant officers' actions. Plaintiffs' allegations are insufficient to state a claim for municipal liability premised on ratification.

Plaintiffs' allegations regarding the failure to train also fail to state a claim. Paragraph 69(b) alleges the City had a policy of inadequately training City police officers but fails to provide any details.  To state a claim for *Monell* liability based on a failure to train, a plaintiff "must identify the . . . failure to train, explain why it is deficient, and state how it harmed plaintiff." *Lopez v. County of Los Angeles*, 2015 U.S. Dist. LEXIS 82918, at *22 (C.D. Cal. June 25, 2015). Furthermore, the plaintiff must allege how the failure to train amounted to deliberate indifference to the rights of individuals, "i.e., how the deficiency involved was obvious and the constitutional injury was likely to occur." *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009). Here, the complaint fails to identify what the training practice was, how it was deficient, or how it caused plaintiffs' alleged injuries. Such "threadbare" allegations do not provide the City with sufficient notice regarding how it allegedly failed to train its officers. *See Young*, 687 F. Supp. 2d at 1150 ("Although Paragraph 19 [alleges] that Plaintiffs' constitutional injuries were 'foreseeable and substantially certain to occur,' which is an allegation of deliberate indifference, … without identifying the training and hiring practices, how those practices were deficient, and without an identification of the obviousness of the risk involved, the Court cannot determine if a plausible claim is made for deliberately indifferent conduct.")

Plaintiffs' allegations of an unconstitutional custom, practice, or policy suffer the same defects as plaintiffs' allegations of ratification and inadequate training.  The allegations of Paragraph 69, subparagraphs (a) through (g), are insufficient because they are conclusory. To plead a viable *Monell* claim, plaintiffs must identify the challenged policy/custom, explain how the policy/custom was deficient, explain how the policy/custom caused the plaintiff harm, and reflect how the policy/custom amounted to deliberate indifference, i.e. explain how the deficiency involved was

1   obvious and the constitutional injury was likely to occur. *Young*, 687 F.Supp.2d at

2   1149.  As a result, the complaint does not state a claim for municipal liability premised

3   on an unconstitutional custom, practice, or policy.

4          Based on the foregoing, plaintiffs' conclusory and threadbare allegations are not

5   sufficient to state a *Monell* claim.

6

7   **5.     CONCLUSION.**

8          Based on the foregoing, Defendant's Motion to Dismiss the *Monell* claim against

9   the City should be sustained.

10  DATED: May 19, 2016                    MANNING & KASS
                                           ELLROD, RAMIREZ, TRESTER LLP
11

12                                         By:
13                                              /s/ Angela M. Powell
                                                Eugene P. Ramirez, Esq.
14                                              Angela M. Powell, Esq.
                                                Attorneys for Defendants, CITY OF
15                                              OXNARD and OFFICER ROGER
                                                GARCIA
16

17

18

19

20

21

22

23

24

25

26

27

28