1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ESTATE OF MEAGAN HOCKADAY, LUIS MORADO, as Guardian Ad Litem for minors N.M.M., Z.G.M., and M.H.M., individually, and as Successors in Interest to MEAGAN HOCKADAY deceased, MONIQUE TRENAE WALLACE, individually,,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF OXNARD; OFFICER ROGER GARCIA, and DOES 1-10, Inclusive,<br><br>Defendant. | Case No. 2:16-CV-02145-JAK-GJSx<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[The Hon. John A. Kronstadt, Magistrate Judge, Gail J. Standish]<br><br>**NOTE MODIFICATIONS AND DELETIONS MADE BY THE COURT IN BOLD** |

By and through their counsel of record, plaintiffs the Estate of Meagan

Hockaday; Luis Morado as guardian ad litem for minors N.M.M., Z.G.M. and

M.H.M., individually and as successors in interest to Meagan Hockaday; and

Monique Wallace; and defendants City of Oxnard and Officer Roger Garcia

(collectively hereinafter referred to as "the parties") hereby stipulate for the purpose

of jointly requesting that the honorable Court enter a protective order regarding

confidential documents in this matter and pursuant to all applicable statutes and

rules, including but not limited to Fed. R. Civ. P. 5.2, 7, 26 and 29, as well as Civil

Local Rule 7-3, 37-1, and 52-4.1.

1.     **PURPOSES AND LIMITATIONS**

  **A.** Disclosure and discovery activity in this case is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulation and its Order do not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosures and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12 below, that this Stipulation and its Order do not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

  **B.** <u>GOOD CAUSE STATEMENT</u>

  Plaintiffs have requested or will likely request, by way of written discovery, materials pertaining to the City of Oxnard's and/or District Attorney's investigation into the shooting death of Meagan Hockaday. Defendants have also identified or will identify materials pertaining to the City of Oxnard's and/or District Attorney's investigation into the shooting death of Meagan Hockaday in their initial disclosures. These documents contain information of a privileged, confidential, private or sensitive nature, and the parties believe that public dissemination of this information would jeopardize compelling interests in preserving the integrity of the City of Oxnard's investigation. This confidential information is in the possession of the Defendants. Defendants have agreed to produce this information pursuant to the terms and conditions found in the instant Stipulation and its Order.

**[Paragraph from proposed order deleted]**

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable, necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.      DEFINITIONS**

**A.**      <u>Action</u>: this pending federal law suit, Estate of Meagan Hockaday, et al. v. City of Oxnard, et al., case number 2:16-CV-02145-JAK-GJSx.

**B.**      <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Stipulation and its Order.

**C.**      <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

**D.**      <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

**E.**      <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or responses to discovery as "CONFIDENTIAL."

**F.**      <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or

1 generated in disclosures or responses to discovery in this matter.

2     **G.**    <u>Expert</u>: a person with specialized knowledge or experience in a matter

3 pertinent to the litigation who has been retained by a Party or its counsel to serve as

4 an expert witness or as a consultant in this Action and who is not a past or a current

5 employee of a Party and who, at the time of retention, is not anticipated to become

6 an employee of a Party or a competitor of a Party's; as well as any person retained,

7 designated, or disclosed by a Party as an expert pursuant to Federal Rule of Civil

8 Procedure 26(a)(2)  or other applicable discovery Rules or statutes.

9     **H.**    <u>House Counsel</u>: attorneys who are employees of a party to this Action.

10 House Counsel does not include Outside Counsel of Record or any other outside

11 counsel.

12     **I.**    <u>Non-Party</u>: any natural person, partnership, corporation, association or

13 other legal entity not named as a Party to this action.

14     **J.**    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party

15 to this Action but are retained to represent or advise a party to this Action and have

16 appeared in this Action on behalf of that party or are affiliated with a law firm which

17 has appeared on behalf of that party, including support staff.

18     **K.**    <u>Party</u>: any party to this Action, including all of its officers, directors,

19 employees, consultants, retained experts, and Outside Counsel of Record (and their

20 support staffs).

21     **L.**    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or

22 Discovery Material in this Action.

23     **M.**    <u>Professional Vendors</u>: persons or entities that provide litigation support

24 services (e.g., photocopying, videotaping, translating, preparing exhibits or

25 demonstrations, and organizing, storing, or retrieving data in any form or medium)

26 and their employees and subcontractors.

27     **N.**    <u>Protected Material</u>: any Disclosure or Discovery Material that is

28 designated as "CONFIDENTIAL."

**A.** <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material–even if subsequently obtained by the Receiving Party from Non-Party sources (including but not limited to via subpoena); and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Stipulation and its Order do not govern the use of Protected Material at trial.

**4. DURATION**

**The parties agree that they are *contractually* bound by the confidentiality obligations imposed by this Stipulation and its Order until a Designating Party agrees otherwise in writing or a court order otherwise directs. The Court, however, will not retain jurisdiction to enforce this order in this action after final disposition of the action. Rather, the order terminates upon final disposition of the action.** Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED MATERIAL**

**A.** <u>Exercise of Restraint and Care in Designating Material for Protection</u>

Each Party or Non-Party that designates information or items for protection under this Stipulation and its Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating

Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulation and its Order. Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**B.**    Manner and Timing of Designations

Except as otherwise provided in this Stipulation and its Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

**C.**    Designation in conformity with this Order requires:

**1.**    For Information in Documentary Form:

Apart from transcripts of depositions or other pretrial or trial proceedings, and regardless of whether produced in hardcopy or electronic form, that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion that it is "CONFIDENTIAL." The placement of such "CONFIDENTIAL" stamp on such page(s) shall not obstruct the substance of the page's (or pages') text or content.

A Party or Non-Party that makes original documents or materials available for

inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulation and its Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

> **2.**     For Testimony Given in Deposition or Other Pretrial or Trial Proceedings:

That the Designating Party offering identify all Protected Material on the record, before the close of the deposition, hearing or other proceeding.

> **3.**     For Information Produced in Some Form Other Than Documentary, and For Any Other Tangible Items (including but not limited to information produced on disc or electronic data storage device):

That the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying the material as "CONFIDENTIAL."

> **D.**     Inadvertent Failure to Designate

If timely corrected (preferably, though not necessarily, within 30 days of production or disclosure of such material), an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulation and

its Order for such material.  If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with this Stipulation and its Order.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

### A.   Timing

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

### B.   Meet and Confer

The Challenging Party shall initiate a dispute resolution process under Local Rule 37-1, et seq. **and the Magistrate Judge's Procedures if related to an issue referred to the assigned Magistrate Judge.**

### C.   Burden of Persuasion

The burden of persuasion in any such challenge proceeding shall be on the Designating Party, regardless of whether the Designating Party is the moving party or whether such Party sought or opposes judicial intervention. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to oppose a motion to remove confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

### A.   Basic Principles

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for preparing, prosecuting, defending, or attempting to settle this litigation–up to and including

1  final disposition of the above-entitled action–and not for any other purpose,

2  including any other litigation or dispute outside the scope of this action. Such

3  Protected Material may be disclosed only to the categories of persons and under the

4  conditions described in this Stipulation and its Order. When the above entitled

5  litigation has been terminated, a Receiving Party must comply with the provisions of

6  Section 14, below.

7       Protected Material must be stored and maintained by a Receiving Party at a

8  location and in a secure manner that ensures that access is limited to the persons

9  authorized under this Stipulation and its Order.

10       **B.**    <u>Disclosures of "CONFIDENTIAL" Information or Items</u>

11       Unless otherwise ordered by the court or permitted in writing by the

12  Designating Party, a Receiving Party may disclose any information or item

13  designated "CONFIDENTIAL" only to:

14       **1.**    The Receiving Party's Outside Counsel of Record in this Action,

15  as well as employees of said Outside Counsel of Record to whom it is reasonably

16  necessary to disclose the information for this Action;

17       **2.**    The officers, directors, and employees (including House

18  Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

19  Action;

20       **3.**    Experts (as defined in this Stipulation and its Order) of the

21  Receiving Party to whom disclosure is reasonably necessary for this Action and who

22  have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23       **4.**    The Court and its personnel;

24       **5.**    Court reporters and their staff;

25       **6.**    Professional jury or trial consultants, mock jurors, and

26  Professional Vendors to whom disclosure is reasonably necessary for this Action

27  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

28  A);

**7.**     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

**8.**     During their depositions, witnesses and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulation and its Order; and

**9.**     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

**A.**     Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

**B.**     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulation and its Order. Such notification shall include a copy of this Stipulated and its Order; and

**C.**     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9.   NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

**A.**   The terms of this Stipulation and its Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulation and its Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**B.**   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

**1.**   Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

**2.**   Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

**3.**   Make the information requested available for inspection by the Non-Party, if requested.

**C.** If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated and its Order, the Receiving Party must immediately:

**A.** Notify in writing the Designating Party of the unauthorized disclosures;

**B.** Use its best efforts to retrieve all unauthorized copies of the Protected Material;

**C.** Inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation and its Order;

**D.** Request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGE OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Fed. R. Evid. 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information

covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. PUBLICATION OF PROTECTED MATERIAL PROHIBITED

### A. Filing of Protected Material

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

### B. Public Dissemination of Protected Material

A Receiving Party shall not publish, release, post or disseminate Protected Material to any person except those specifically delineated and authorized by this Stipulation and its Order (see Section 7, above); nor shall a Receiving Party publish, release, leak, post or disseminate Protected Material to any news media, member of the press, website or public forum (except as permitted under section 12 regarding filings with the court in this action and under seal).

## 13. MISCELLANEOUS

### A. Right to Further Relief: Nothing in this Stipulations and its Order abridges the right of any person to seek its modification by the Court in the future.

### B. Right to Assert Other Objections: By stipulating to the entry of this Stipulation and its Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and its Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulation and its Order.

### C. This Stipulation may be signed in counterpart and a facsimile or electronic signature shall be as valid as an original signature.

## 14.     FINAL DISPOSITION

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this section, "all Protected Material" includes all copies, abstracts, compilations, summaries and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulation and its Order as set forth in Section 4.

///
///
///
///

Case No. 2:16-CV-02145-JAK-GJSx

**STIPULATED PROTECTIVE ORDER**

1    Any violation of this Stipulation and its Order may be punished by any and all

2    appropriate measures including, without limitation, contempt proceedings and/or

3    monetary sanctions.

4    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5

6    DATED:  October 27, 2016          **DOUGLAS / HICKS LAW, APC**

7

8

9    By:   _____s/. Jamon R. Hicks_____

10         Jamon R. Hicks
          Attorney for Plaintiffs

11

12

13

14   DATED:  October 27, 2016          **MANNING & KASS**

15                                     **ELLROD, RAMIREZ, TRESTER LLP**

16

17   By:   _____s/.Angela M. Powell_____

18         Eugene P. Ramirez
          Attorneys for Defendants, CITY OF

19         OXNARD and OFFICER ROGER

20         GARCIA

21

22   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED

23

24   Dated:  November 3, 2016

25   _____

26   GAIL J. STANDISH
     UNITED STATES MAGISTRATE JUDGE

27

28

15                                     Case No. 2:16-CV-02145-JAK-GJSx

**STIPULATED PROTECTIVE ORDER**